# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDREW SCHMIDT,               )
                              )
      Plaintiff,        )        Civil Action No.
                              )        Honorable
v                             )
                              )
DEXCOM, INC.,                 )
                              )
      Defendant.        )
                              )

---

S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com

---

## **COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in the complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in the complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

*/s/S. Wesley Compton*
S. WESLEY COMPTON P75103

1

**NOW COMES** Plaintiff, ANDREW SCHMIDT, (hereinafter "Plaintiff"), by and through his attorneys, Padilla Law Group, and for his Complaint against Defendant, DEXCOM, INC., states as follows:

1.      Plaintiff is a resident of the City of Davisburg, County of Oakland, State of Michigan.

2.      Defendant, DEXCOM, INC. conducts business in the City of Lansing, County of Ingham, State of Michigan, its registered agent is: CSC-Lawyers Incorporating Service (Company), 3410 Belle Chase Way, Ste. 600, Lansing, MI 48911

3.      This cause of action arose and jurisdiction exists in this court by reason of personal injuries sustained by Plaintiff while using a Dexcom G6 Glucose Monitor on December 1, 2022, and thereafter.

4.      Jurisdiction in Federal Court is proper pursuant to 28 USCA 1332(a)(1) based upon diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

5.      Damages in this matter exceed SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS exclusive of costs, interest, and attorney fees.

## COUNT I – NEGLIGENCE

6.     Plaintiff reincorporates and realleges paragraphs 1 through 5 of this Complaint with the same force and effect as if the same were set forth in full herein.

7.     On or about December 1, 2022, Plaintiff sustained personal injuries while using a Dexcom G6 Continuous Glucose Monitoring System. Specifically, while using the Dexcom G6 Continuous Glucose Monitoring System for its intended purpose, the needle detached from the system and entered Plaintiff's arm, resulting in surgery to attempt to remove the needle from his arm and permanent scarring and disfigurement. Subsequently, a second needle detached from the system and entered Plaintiff's arm.

8.     Defendant sold the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

9.     Defendant is responsible for the manufacture of the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

10.     Defendant is responsible for the design of the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

11.     Defendant is responsible for the warning of the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

12.     The Dexcom G6 Continuous Glucose Monitoring System was defective due to inadequate design, manufacturing, and post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from its Dexcom G6 Continuous Glucose Monitoring System.

13.     As the direct and proximate cause of the defective condition of the Dexcom G6 Continuous Glucose Monitoring System as sold, manufactured, and/or supplied by Defendant, and specifically its failure to warn, and its negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity herein.

14.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff remained unchanged and was in the same condition at the time of Plaintiff's injury.

15.    At all times Plaintiff was using the Dexcom G6 in a careful, prudent, and reasonable manner consistent with the products instructions and the product's intended use.

16.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was defective and unsafe.

17.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was unreasonably dangerous.

18.    At all times relevant to this action, the Dexcom G6 Continuous Glucose Monitoring System was defective as to design, manufacture, and warnings, causing the Dexcom G6 Continuous Glucose Monitoring System to be in a dangerous and defective condition that made it unsafe for its intended use.

19.    As a direct and proximate result of the defective and dangerous condition of the Dexcom G6 Continuous Glucose Monitoring System, Plaintiff suffered permanent injury, including, but not limited to, his left arm resulting in x-rays and surgery, including permanent scarring, disfigurement, physical pain, mental anguish, humiliation, embarrassment, anxiety, and depression.

20.    At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Dexcom G6 Continuous Glucose Monitoring System, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable or dangerous risk.

21.    At all times relevant to this action, Defendant had a duty to warn users of the Dexcom G6 Continuous Glucose Monitoring System of the risks and dangers.

22.    At all times relevant to this action, Defendant knew or reasonably should have known that the Dexcom G6 Continuous Glucose Monitoring System was unreasonably dangerous and defective when used as directed and as designed.

23.    At all times relevant the severity of the injury was foreseeable.

24.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement. Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and

activities, and has suffered and will suffer indefinitely into the future a substantial economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

25.     Defendant intensified and exacerbated the emotional damages Plaintiff sustained from his ordeal when, subsequent to the incident, Defendant was notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant in whatever amount in excess of $75,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## COUNT II – STRICT LIABILITY

26.     Plaintiff reincorporates and realleges paragraphs 1 through 25 of this Complaint with the same force and effect as if the same were set forth in full herein.

27.     On or about December 1, 2022, Plaintiff sustained personal injuries while using a Dexcom G6 Continuous Glucose Monitoring System.

28.     The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff by Defendant.

29.     Defendant sold the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

30.     Defendant manufactured the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

31.     Defendant designed the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

32.     The Dexcom G6 Continuous Glucose Monitoring System was defective due to inadequate design, manufacturing, and post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from its Dexcom G6 Continuous Glucose Monitoring System.

33.     As the direct and proximate cause of the defective condition of the Dexcom G6 Continuous Glucose Monitoring System as manufactured and/or supplied by Defendant, and specifically its failure to warn, and its negligence,

carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

34.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff remained unchanged and was in the same condition at the time of Plaintiff's injury.

35.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was defective and unsafe.

36.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was unreasonably dangerous. At all times relevant to this action, the Dexcom G6 Continuous Glucose Monitoring System was defective as to design, manufacture, and warnings, causing the Dexcom G6 Continuous Glucose Monitoring System to be in a dangerous and defective condition that made it unsafe for its intended use.

37.    As a direct and proximate result of the defective and dangerous condition of the Dexcom G6 Continuous Glucose Monitoring System, Plaintiff suffered permanent injury to his left arm resulting in x-rays and surgery, including permanent scarring, disfigurement, physical pain, mental anguish, humiliation, embarrassment, anxiety, and depression.

38.    At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Dexcom G6 Continuous Glucose Monitoring System, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable or dangerous risk.

39.    At all times relevant to this action, Defendant had a duty to warn users of the Dexcom G6 Continuous Glucose Monitoring System of the risks and dangers.

40.    At all times relevant to this action, Defendant knew or reasonably should have known that the Dexcom G6 Continuous Glucose Monitoring System was unreasonably dangerous and defective when used as directed and as designed.

41.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial

economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

42.     Defendant intensified and exacerbated the emotional damages Plaintiff sustained from his ordeal when, subsequent to the incident, Defendant was notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

     **WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant in whatever amount in excess of $75,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## <u>COUNT III – FAILURE TO WARN</u>

43.     Plaintiff reincorporates and realleges paragraphs 1 through 42 of this Complaint with the same force and effect as if the same were set forth in full herein.

44.     On or about December 1, 2022, Plaintiff sustained personal injuries while using a Dexcom G6 Continuous Glucose Monitoring System, which was sold to him by Defendant.

45.     The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff by Defendant.

11

46.    Defendant sold the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

47.    Defendant manufactured the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

48.    Defendant designed the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

49.    The Dexcom G6 Continuous Glucose Monitoring System was defective due to inadequate design, manufacturing, and post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from its Dexcom G6 Continuous Glucose Monitoring System.

50.    As the direct and proximate cause of the defective condition Dexcom G6 Continuous Glucose Monitoring System as manufactured and/or supplied by Defendant, and specifically its failure to warn, and its negligence, carelessness, other

12

wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

51.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff remained unchanged and was in the same condition at the time of Plaintiff's injury.

52.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was defective and unsafe.

53.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was unreasonably dangerous.

54.    At all times relevant to this action, the Dexcom G6 Continuous Glucose Monitoring System was defective as to design, manufacture, and warnings, causing the Dexcom G6 continuous Glucose Monitoring System to be in a dangerous and defective condition that made it unsafe for its intended use.

55.    As a direct and proximate result of the defective and dangerous condition of the Dexcom G6 Continuous Glucose Monitoring System, Plaintiff suffered permanent injury to his left arm resulting in x-rays and surgery, including permanent scarring, disfigurement, physical pain, mental anguish, humiliation, embarrassment, anxiety, and depression.

56.    At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Dexcom G6 Continuous Glucose Monitoring System, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable or dangerous risk.

57.    At all times relevant to this action, Defendant had a duty to warn users of the Dexcom G6 Continuous Glucose Monitoring System of the risks and dangers.

58.    At all times relevant to this action, Defendant knew or reasonably should have known that the Dexcom G6 Continuous Glucose Monitoring System was unreasonably dangerous and defective when used as directed and as designed.

59.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial

economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

60.     Defendant intensified and exacerbated the emotional damages Plaintiff sustained from his ordeal when, subsequent to the incident, Defendant was notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

## COUNT IV – NEGLIGENT DESIGN

61.     Plaintiff reincorporates and realleges paragraphs 1 through 60 of this Complaint with the same force and effect as if the same were set forth in full herein.

62.     On or about December 1, 2022, Plaintiff sustained personal injuries while using a Dexcom G6 Continuous Glucose Monitoring System, which was sold to him by Defendant.

63.     The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff by Defendant.

64.     Defendant sold the Dexcom G6 Continuous Glucose Monitoring System placed it into the stream of commerce in a defective and unreasonably

dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

65.     Defendant manufactured the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

66.     Defendant designed the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

67.     The Dexcom G6 Continuous Glucose Monitoring System was defective due to inadequate design, manufacturing, and post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from its Dexcom G6 Continuous Glucose Monitoring System.

68.     As the direct and proximate cause of the defective condition of Dexcom G6 Continuous Glucose Monitoring System as manufactured and/or supplied by Defendant, and specifically its failure to warn, and its negligence, carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

69. The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff remained unchanged and was in the same condition at the time of Plaintiff's injury.

70. The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was defective and unsafe.

71. The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was unreasonably dangerous.

72. At all times relevant to this action, the Dexcom G6 Continuous Glucose Monitoring System was defective as to design, manufacture, and warnings, causing Dexcom G6 Continuous Glucose Monitoring System to be in a dangerous and defective condition that made it unsafe for its intended use.

73. At all times relevant there was a reasonable design available and would have reduced the foreseeable risk of harm and the omission of same rendered the Dexcom G6 Continuous Glucose Monitoring System not reasonably safe.

74. As a direct and proximate result of the defective and dangerous condition of the Dexcom G6 Continuous Glucose Monitoring System, Plaintiff suffered permanent injury to his left arm resulting in x-rays and surgery, including permanent scarring, disfigurement, physical pain, mental anguish, humiliation, embarrassment, anxiety, and depression.

17

75.    At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Dexcom G6 Continuous Glucose Monitoring System, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable or dangerous risk.

76.    At all times relevant to this action, Defendant had a duty to warn users of the Dexcom G6 Continuous Glucose Monitoring System of the risks and dangers.

77.    At all times relevant to this action, Defendant knew or reasonably should have known that the Dexcom G6 Continuous Glucose Monitoring System was unreasonably dangerous and defective when used as directed and as designed.

78.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial

economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

79.     Defendant intensified and exacerbated the emotional damages Plaintiff sustained from his ordeal when, subsequent to the incident, Defendant was notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant in whatever amount in excess of $75,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## COUNT V– NEGLIGENT MANUFACTURING

80.     Plaintiff reincorporates and realleges paragraphs 1 through 79 of this Complaint with the same force and effect as if the same were set forth in full herein.

81.     On or about December 1, 2022, Plaintiff sustained personal injuries while using a Dexcom G6 Continuous Glucose Monitoring System, which was sold to him by Defendant.

82.     The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff by Defendant.

83.     Defendant sold the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

84.     Defendant manufactured the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

85.     Defendant designed the Dexcom G6 Continuous Glucose Monitoring System and placed it into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product.

86.     The Dexcom G6 Continuous Glucose Monitoring System was defective due to inadequate design, manufacturing, and post-marketing warning or instruction because, after Defendant knew or should have known of the risk of injury from its Dexcom G6 Continuous Glucose Monitoring System.

87.     As the direct and proximate cause of the defective condition of Dexcom G6 Continuous Glucose Monitoring System tie-down as manufactured and/or supplied by Defendant, and specifically its failure to warn, and its negligence,

carelessness, other wrongdoing and actions described herein, Plaintiff suffered those injuries and damages as described with particularity, above.

88.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff remained unchanged and was in the same condition at the time of Plaintiff's injury.

89.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was defective and unsafe.

90.    The Dexcom G6 Continuous Glucose Monitoring System sold to Plaintiff was unreasonably dangerous.

91.    At all times relevant to this action, the Dexcom G6 Continuous Glucose Monitoring System was defective as to design, manufacture, and warnings, causing the Dexcom G6 Continuous Glucose Monitoring System to be in a dangerous and defective condition that made it unsafe for its intended use.

92.    As a direct and proximate result of the defective and dangerous condition of the Dexcom G6 Continuous Glucose Monitoring System, Plaintiff suffered permanent injury to his left arm resulting in x-rays and surgery, including permanent scarring, disfigurement, physical pain, mental anguish, humiliation, embarrassment, anxiety, and depression.

21

93.    At all times relevant to this action, Defendant had a duty to exercise reasonable care, and to comply with the existing standards of care, in its preparation, design, research, development, manufacture, inspection, labeling, marketing, promotion and sale of the Dexcom G6 Continuous Glucose Monitoring System, which Defendant introduced into the stream of commerce, including a duty to ensure that users would not suffer from unreasonable or dangerous risk.

94.    At all times relevant to this action, Defendant had a duty to warn users of the Dexcom G6 Continuous Glucose Monitoring System of the risks and dangers.

95.    At all times relevant to this action, Defendant knew or reasonably should have known that the Dexcom G6 Continuous Glucose Monitoring System was unreasonably dangerous and defective when used as directed and as designed.

96.    As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial

economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

97. Defendant intensified and exacerbated the emotional damages Plaintiff sustained from his ordeal when, subsequent to the incident, Defendant was notified of the injuries Plaintiff sustained and took no responsible action for its negligence.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant in whatever amount in excess of $75,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## COUNT VI - BREACH OF IMPLIED WARRANTY (MCL § 440.2314) AND COUNT VII - BREACH OF EXPRESS WARRANTY

98. Plaintiff reincorporates and realleges paragraphs 1 through 97 of this Complaint with the same force and effect as if the same were set forth in full herein.

99. Under MCL § 440.2314, unless excluded or modified (section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale. Goods to be merchantable must be at least such as (a) pass

without objection in the trade under the contract description; and (b)  in the case of fungible goods, are of fair average quality within the description; and (c)  are fit for the ordinary purposes for which such goods are used; and (d)  run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e)  are adequately contained, packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any. (3)  Unless excluded or modified (section 2316) other implied warranties may arise from course of dealing or usage of trade.

100.   Defendant was a merchant within the meaning of MCL § 440.2314.

101.   Under MCL § 440.2314, a warranty that the Dexcom G6 Continuous Glucose Monitoring System was in merchantable condition was implied by law in the transactions when Plaintiff purchased the Dexcom G6 Continuous Glucose Monitoring System.

102.   The Dexcom G6 Continuous Glucose Monitoring System, when sold and at all times thereafter, was not merchantable and not fit for the ordinary purpose for which it is to be used. Specifically, the Dexcom G6 Continuous Glucose Monitoring System is inherently defective.

103.   As a direct and proximate result of Defendant' breach of the implied warranty of merchantability, Plaintiff sustained personal injury.

104.   As a direct and proximate result of Defendant' breach of the express warranty of merchantability, Plaintiff sustained personal injury.

105.   It was represented that the Dexcom G6 Continuous Glucose Monitoring System has certain characteristics or meets certain standards.

106.   Defendant failed to exercise reasonable care, including breach of any implied warranty, with respect to the Dexcom G6 Continuous Glucose Monitoring System and that failure was a proximate cause of Plaintiff's injuries.

107.   Defendant made and express warranty as to the Dexcom G6 Continuous Glucose Monitoring System, the product failed to conform to the warranty, and the failure to conform to eh warranty was a proximate cause of the Plaintiff's injuries

108.   As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and

activities, and has suffered and will suffer indefinitely into the future a substantial economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

**WHEREFORE,** Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant in whatever amount in excess of $75,000.00 he is found to be entitled, plus interest, costs and attorney fees.

## COUNT VII – BREACH OF THE MICHIGAN CONSUMER PROTECTION ACT (MICH. COMP. LAWS § 445.903, et seq.)

109.   Plaintiff reincorporates and realleges paragraphs 1 through 108 of this Complaint with the same force and effect as if the same were set forth in full herein.

110.   MCL § 444.903 prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce . . ."   MCL § 445.903(1).

111.   The Dexcom G6 Continuous Glucose Monitoring System, when sold and at all times thereafter, was not merchantable and not fit for the ordinary purpose for which it is to be used. Specifically, the Dexcom G6 Continuous Glucose Monitoring System is inherently defective, and Defendant failed to disclose same.

112.   As a direct and proximate result of Defendant' breach of § 444.903, Plaintiff sustained personal injury.

113.   As a direct and proximate cause of the Defendant's negligence, Plaintiff suffered the following injuries, including, but not limited to: permanent injury to his left arm resulting in severe pain and discomfort requiring surgery and resulting in permanent scarring and disfigurement.  Plaintiff will also require future medical care, including, but not limited to, surgeries and during this time he has suffered and will suffer great physical pain, mental anguish, humiliation, embarrassment, anxiety, depression; he has been and will be prevented from attending his regular affairs and activities, and has suffered and will suffer indefinitely into the future a substantial economic loss; Plaintiff has and will continue to suffer a loss of normal activities and pleasure of life; and in endeavoring to cure himself of these injuries and disabilities, Plaintiff has expended and will continue to expend into the indefinite future, large sums of money for medical expenses; Plaintiff's damages exceed $75,000.00.

## <u>RELIEF REQUESTED</u>

a.     Judgment against Defendant in an amount in excess of $75,000.00;

b.     Interest; and

c.     Costs and attorney fees so wrongfully incurred.

Respectfully submitted,

**PADILLA LAW GROUP**

*/s/S. Wesley Compton*
S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821W. Maple Road
Birmingham, MI 48009
(248) 593-0300/ Fax (248) 593-0301

Dated: October 15, 2025

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDREW SCHMIDT,        )
                                    )
           Plaintiff,       )     Civil Action No.
                                    )     Honorable
v                               )
                                    )
DEXCOM, INC.,          )
                                    )
           Defendant.    )
                                    )

---

S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821 W. Maple Road
Birmingham, MI 48009
(248) 593-0300/F (248) 593-0301
wcompton@padillalegal.com

---

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**PADILLA LAW GROUP**

*/s/S. Wesley Compton*
S. WESLEY COMPTON P75103
PADILLA LAW GROUP
Attorneys for Plaintiff
1821W. Maple Road
Birmingham, MI 48009
(248) 593-0300/ Fax (248) 593-0301

Dated: October 15, 2025